UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hannah Hekel,　　　　　　　　　　　　　　　　　　　　Civ. No. 23-28 (PAM/DLM)

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Hunter Warfield, Inc.,

　　　　Defendant.

---

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. For the following reasons, Plaintiff's request for partial judgment is denied and judgment will be entered in Defendant's favor.

**BACKGROUND**

Plaintiff Hannah Hekel was evicted from the apartment she rented in Rochester for non-payment of rent and other fees. (Compl. (Docket No. 1) ¶ 16.) Hekel's landlord engaged Defendant Hunter Warfield, Inc., to collect the debt Hekel owed. (Id. ¶ 18.) In January 2022, Hunter Warfield sent Hekel a letter stating that Hekel owed a principal balance of nearly $7,700 and interest of $870. (Id. ¶ 21.) The letter also stated that interest would continue to accrue on Hekel's debt at the rate of six percent. (Id. ¶ 22.)

Hekel's Complaint raises a single count under the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692e et seq. She contends that Hunter Warfield violated the FDCPA by stating that interest would accrue at six percent, not four percent. (See Compl. ¶¶ 45-53.) Hekel now seeks summary judgment on Hunter Warfield's liability.

**DISCUSSION**

The FDCPA prohibits a debt collector from collecting or attempting to collect any interest that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). There is no dispute that Hunter Warfield is a debt collector, or that Hunter Warfield attempted to collect six percent interest from Hekel. There is likewise no dispute that Hekel's lease agreement did not provide for the accrual of interest. The question presented is whether Minnesota law authorizes the collection of six percent interest, as Hunter Warfield contends, or only allows the collection of four percent interest, as Hekel argues.

There are two Minnesota statutes at issue. First, § 549.09 provides, "[e]xcept as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in paragraph (c)." Minn. Stat. § 549.09, subdiv. 1(b). Paragraph (c) in turn provides that the interest rate is simple interest calculated "from the one-year constant maturity treasury yield for the most recent calendar month, reported on a monthly basis in the latest statistical release of the board of governors of the Federal Reserve System" rounded to the nearest one percent. Id. subdiv. 1(c)(1)(i). The parties agree that, if applicable to this case, the relevant interest rate under § 549.09 is four percent.

Minnesota law also provides, however, that "[t]he interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing." Minn. Stat. § 334.01, subdiv. 1. Hunter Warfield contends that this section applies to Hekel's debt. Hekel asserts that § 549.09 applies, making Hunter Warfield's

statement to the contrary a misstatement in connection with the collection of a debt in violation of the FDCPA

Hekel points to the Minnesota Supreme Court's decision in Poehler v. Cincinnati Ins. Co., 899 N.W.2d 135 (2017), arguing that Poehler held that the only statutory interest rate applicable to breach-of-contract damages is the interest rate in § 549.09.  But Poehler involved pre-award interest on an insurance appraisal award, not contract damages.  The Minnesota Court of Appeals initially found that pre-award interest was available only if there was another wrong, such as an underlying breach of contract.  The Minnesota Supreme Court disagreed, finding that § 549.09 applied regardless of whether there was underlying wrongdoing.  The opinion stated broadly that § 549.09 "unambiguously provides for preaward interest on all awards of pecuniary damages that are not specifically excluded by the statute." Id. at 141.  According to Hekel, this statement indicates that § 549.09 alone governs all awards of prejudgment interest, unless § 549.09 specifically excludes the category of interest at issue.[1]

Hekel argues that the only issue is whether the damages that Hunter Warfield claims here are "specifically excluded by the statute."  But Poehler's broad statement is, at best, unintentional dicta.  As multiple other decisions have noted, there is no indication that, in enacting § 549.09, the Minnesota legislature intended to supplant all other statutory interest provisions, such as § 334.01.   And indeed, the first clause of the relevant subdivision of

---

[1] Section 549.09, subdiv. 1(b) explicitly prohibits the award of interest on workers'-compensation awards, awards of future damages, punitive damages, fines, and other similar awards.

3

§ 549.09 states that the statute applies unless "otherwise provided by contract or <u>allowed by law</u>." Minn. Stat. § 549.09 subdiv. 1(b) (emphasis added). Section 334.01 is a "law" to which this statement in § 549.09 applies.

This conclusion is bolstered by the Minnesota Court of Appeals' opinion in <u>Hogenson v. Hogenson</u>. <u>Hogenson</u> discusses the interplay between §§ 549.09 and 334.01, and concludes that § 549.09 "was meant to supplement, not replace, the existing law" on interest, including § 334.01. 852 N.W.2d 266, 273 (Minn. Ct. App. 2014). Although Hekel contends that <u>Hogenson</u> is no longer good law after <u>Poehler</u>, the <u>Hogenson</u> opinion was written by new Chief Justice Hudson, the author of <u>Poehler</u>. That <u>Poehler</u> does not explicitly disagree with <u>Hogenson</u>'s statement in this regard indicates that <u>Poehler</u> does not sweep as broadly as Hekel contends. And the broad reading of <u>Poehler</u> that Hekel urges finds no support in the caselaw.

Indeed, the post-<u>Poehler</u> caselaw binding on this Court is contrary to Hekel's argument. In <u>Hill</u>, for example, the plaintiff argued that the debt collector impermissibly invoked § 334.01's six-percent rate in attempting to collect a conciliation court judgment. <u>Hill v. Accounts Receivable Servs., LLC</u>, 888 F.3d 343 (8th Cir. 2018). In an opinion issued after <u>Poehler</u>, the Eighth Circuit stated that "[w]hether § 334.01 applies to [the debt collector's] conciliation court claim is a question of Minnesota law that has not been decided by the Minnesota Supreme Court." <u>Id.</u> at 346. Although <u>Hill</u> involved a court judgment that was ostensibly specifically excluded from § 549.09's coverage, <u>Hill</u> nevertheless stands for the proposition that <u>Poehler</u>'s reach is not as extensive as Hekel contends. Similarly, in <u>Klein v. Credico, Inc.</u>, 922 F.3d 393 (8th Cir. 2019), the Eighth

Circuit again addressed the argument that § 549.09 prohibited the recovery of prejudgment interest on a conciliation-court debt. The Court of Appeals rejected that argument, finding instead that "Minnesota law does not prohibit Credico from seeking pre-judgment interest" under § 334.01. Id. at 397.

The cases on which Hekel relies are not to the contrary. These decisions note "that section 549.09, 'was not intended to disturb existing law of prejudgment interest, but to provide for prejudgment interest in situations where prejudgment interest was not already allowed by law.'" K & R Landholdings, LLC v. Auto-Owners Ins., 907 N.W.2d 658, 662 (Minn. Ct. App. 2018) (quoting Seaway Port Auth. v. Midland Ins. Co., 430 N.W.2d 242, 252 (Minn. Ct. App. 1988)). The decisions emphasize that § 549.09 still allows "interest [to] be calculated under existing common-law principles whenever possible." Id. at 663 (quoting Hogenson, 852 N.W.2d at 274). As in Hogenson, because § 334.01 allows interest on legal indebtedness such as back rent, that statute and not § 549.09 applies here.

Moreover, even if Hekel's interpretation of the statutory scheme were correct, Hekel is not entitled to summary judgment. As the Eighth Circuit has repeatedly found, the Minnesota Supreme Court has not definitively ruled that § 334.01 does not apply to debts such as Hekel's, and Hunter Warfield's attempt to seek interest under § 334.01 does not constitute an attempt to collect interest not "permitted by law" in violation of the FDCPA. See Hill, 888 F.3d at 346-47 (The fact "[t]hat [a debtor] may have a valid legal defense to the application of [§ 334.01] does not mean that [a debt collector] attempted to collect interest that is not permitted by law."); see also Klein v. Stewart Zlimen & Jungers, Ltd., No. 18cv658 (JRT/ECW), 2019 WL 79317, at *7 (D. Minn. Jan. 2, 2019) (Tunheim, C.J.)

5

(same). Summary judgment in Hekel's favor is not appropriate.

In the briefing and at the hearing on this Motion, Hekel's attorney emphasized repeatedly that there are no issues of fact in dispute, insisting this issue could and should be decided as a matter of law.[2] The Court agrees. In light of the caselaw discussed above, and although Hunter Warfield does not seek summary judgment on this issue, the attempt to collect six percent interest does not violate the FDCPA, and summary judgment in Hunter Warfield's favor is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Partial Summary Judgment (Docket No. 24) is **DENIED**. Summary judgment in Defendant Hunter Warfield, Inc.'s favor on Plaintiff's FDCPA claim is **GRANTED** and this case is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 12, 2023

                                                  *s/Paul A. Magnuson*
                                                  Paul A. Magnuson
                                                  United States District Court Judge

---

[2] Hekel's argument that § 334.01 does not apply to her debt in any event because the amount of the debt is disputed is a misapplication of Hogenson's comment that § 334.01 applies only to debts that are "readily ascertainable or liquidated." (Docket No. 29 at 9 (quoting Hogenson, 852 N.W.2d at 274).) That Hekel disputes how much she owes in back rent and other fees does not make the amount of her debt not readily ascertainable. Indeed, back rent is a textbook example of debt that is readily ascertainable, even if defenses to the collection of some or all of that rent are available to the renter.